IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| DAVID WARD JONES and JESSICA FAYE JONES, husband and wife; LENA ABIGAIL JONES, a single person,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation doing business in Washington.<br><br>Defendant. | No.<br><br>COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF CONSUMER PROTECTION ACT, BAD FAITH, NEGLIGENCE, AND FOR DAMAGES UNDER THE INSURANCE FAIR CONDUCT ACT (RCW 48.30) |

COMES NOW the Plaintiffs, David Ward Jones, Jessica Faye Jones, and Lena Abigail Jones, by and through their attorneys, Sara Maleki and Janelle Carney of Graham Lundberg Peschel, P.S., Inc., and complains and alleges against the above-named Defendant as follows:

COMPLAINT - 1

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
601 W. MAIN AVE. STE. 305
SPOKANE, WA 99201
(509) 455-3600
FACSIMILE (509) 321-7459

## I. PARTIES

1.1 Plaintiffs are residents of Hermiston, Oregon, and resided in Hermiston, Oregon, at all times relevant and material to this Complaint.

1.2 Defendant, State Farm Mutual Automobile Insurance Company, on information and belief, is doing business in Pierce County, Washington, and is believed to have done business in Pierce County, Washington, at all times relevant and material to this Complaint.

1.3 Upon information and belief, the bad faith acts and omissions in this matter have primarily occurred in DuPont, Washington, and have also occurred in Benton County, Washington, Tulsa, Oklahoma, Tigard, Oregon, Bloomington, Illinois, Dallas, Texas, and Phoenix, Arizona.

## II. JURISDICTION AND VENUE

2.1 Plaintiffs were at all times relevant and material to this Complaint residents of Hermiston, Oregon.

2.2 The motor vehicle collision, which is the subject of this action, occurred in Benton County, WA.

2.3 Defendant is on information and belief, a domestic insurance company doing business and domiciled in Pierce County, Washington with headquarters in Bloomington, Illinois.

COMPLAINT - 2

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
601 W. MAIN AVE. STE. 305
SPOKANE, WA 99201
(509) 455-3600
FACSIMILE (509) 321-7459

2.4     The case was adjusted by State Farm employees primarily in DuPont, Washington, Pierce County, as well as Benton County, Washington, Tulsa, Oklahoma, Tigard, Oregon, Bloomington, Illinois, Dallas, Texas, and Phoenix, Arizona.

2.5     David Jones' policy (#0837161-B12-37F) with Defendant State Farm states that if there is no agreement as to damages, "the insured shall...file a lawsuit, in a state or federal court that has jurisdiction, against us..."

2.6     Lena Jones' policy (#326966236A) with Defendant State Farm states that if there is no agreement as to damages, "the insured shall...file a lawsuit, in a state or federal court that has jurisdiction, against us..."

2.7     Plaintiffs served Notice to Defendant of their intent to bring action against Defendant pursuant to the Insurance Fair Conduct Act (IFCA) on **September 22, 2015**. More than twenty (20) days has elapsed since Plaintiffs served their notice on Defendant. By providing such notice, Plaintiffs expressly provided Defendant with the opportunity to cure its wrongful actions without a lawsuit. Defendant failed to correct the actions defined in Plaintiffs' Notice.

2.8     Personal jurisdiction exists over Defendant State Farm because, on information and belief, Defendant was at all times relevant and material to this complaint transacting and doing business in Pierce County, Washington. The handling, bad faith, and violation of the Insurance Fair Conduct Act occurred upon information and belief in Pierce County, Washington. The contract only requires to file the lawsuit in a state court

COMPLAINT - 3

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
601 W. MAIN AVE. STE. 305
SPOKANE, WA 99201
(509) 455-3600
FACSIMILE (509) 321-7459

that has jurisdiction against Defendant State Farm. Venue is therefore proper at Pierce County Superior Court pursuant to RCW 4.12.020(3).

### III. FACTS

3.1   Date: Plaintiffs' injuries arise out of an automobile collision that occurred on February 8, 2014.

3.2   Location: The collision occurred in Benton County, Washington, on Interstate 395.

3.3   Details: On February 8, 2014, Plaintiff David Jones was driving, Plaintiff Jessica Jones was a passenger in the front seat, and Plaintiff Lena Jones was a passenger in the back seat. They were traveling south on Interstate 395 when a semi-truck attempted to pass them and struck the driver's side of their vehicle. The semi-truck did not pull over or stop, fleeing the scene of the collision. Plaintiff David Jones sustained injuries to his neck and back. Plaintiff's Jessica Jones and Lena Jones sustained serious injuries, including neck pain, back pain, headaches and shoulder injuries. Both Jessica and Lena underwent shoulder surgery as a result of their injuries.

3.4   At this time, Plaintiffs' past combined special damages total $151,131.58 (past medicals of $87,496.66, past wage loss of $3,634.98 and future medical care of $60,000.00). Plaintiffs also have claims for general damages in amounts to be proven to the jury.

3.5   Plaintiffs' claims are in excess of the UM limits of $100,000.00 for Plaintiff David Jones' policy and $25,000.00 for Plaintiff Lena Jones' UIM policy.

COMPLAINT - 4

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
601 W. MAIN AVE. STE. 305
SPOKANE, WA 99201
(509) 455-3600
FACSIMILE (509) 321-7459

3.6  At all times relevant to this action, Defendant had in full force and effect its automobile insurance policy number 0837161-B12-37F issued to Plaintiff David Jones.

3.7  At all times relevant to this action, Defendant had in full force and effect its automobile insurance policy number 326966236A issued to Plaintiff Lena Jones.

3.8  At all times relevant to this action, Defendant's automobile insurance policy number 0837161-B12-37F issued to Plaintiff David Jones specifically included uninsured motorist bodily injury coverage.

3.8  At all times relevant to this action, Defendant's automobile insurance policy number 326966236A issued to Plaintiff Lena Jones specifically included underinsured motorist bodily injury coverage.

3.9  At all times relevant to this action, Plaintiffs David Jones, Jessica Jones, and Lena Jones are entitled to benefits under the UM provisions of Plaintiff David Jones' policy with Defendant. The policy provides, among other things, uninsured motorist bodily injury coverage in the amount of $50,000/$100,000.

3.10  At all times relevant to this action, Plaintiff Lena Jones was entitled to benefits under the UIM provisions of her policy with Defendant. The policy provides, among other things, uninsured motorist bodily injury coverage in the amount of $25,000/$50,000.

3.11  Plaintiffs paid for and are entitled to benefits under the UM and UIM provisions of their policies with State Farm, which provides them with uninsured and underinsured motorist bodily injury coverage.

COMPLAINT - 5

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
601 W. MAIN AVE. STE. 305
SPOKANE, WA 99201
(509) 455-3600
FACSIMILE (509) 321-7459

3.12 Plaintiff David Jones submitted uninsured motorist claims for the injuries he sustained and the injuries his wife, Jessica Jones and his daughter Lena Jones sustained. These claims were for a global tender of the policy limits available.

3.13 In addition, Plaintiff Lena Jones submitted an underinsured motorist claim under her separate policy for the injuries she sustained in this collision.

3.14 To date, Defendant has refused to tender the limits available despite multiple opportunities to do so. In fact, State Farm has significantly undervalued Plaintiffs' claims, forcing them to sue. Additionally, despite multiple requests to present the full settlement authority on the claim in accordance with <u>Morella v. Safeco Ins. Co. of Illinois, C12-0672RSL, 2013 WL 1562032 (W.D. Wash. Apr. 12, 2013)</u>, the Defendant has failed to do so.

3.15 The timeline of events regarding Plaintiff David Jones is as follows:

    a. On April 24, 2015, Plaintiff sent comprehensive policy limits demand package requesting a global tender of the UM limits under his policy with State Farm within thirty (30) days. The demand package included detailed information of the following:

        i. Collision facts with supporting police report;
        ii. Overview of Plaintiff's background;
        iii. Plaintiff's post-collision medical records;
        iv. Plaintiff's four (4) years of prior medical records;
        v. Recommended future medical care;
        vi. Wage loss;
        vii. Out-of-pocket expenses;
        viii. Vehicle damage report; and
        ix. Evaluation of all of Plaintiffs' general damages.

COMPLAINT - 6

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
601 W. MAIN AVE. STE. 305
SPOKANE, WA 99201
(509) 455-3600
FACSIMILE (509) 321-7459

29929536WPSDY1PZ Received 10/26/2015 8:06:35 PM [Eastern Daylight Time]

b. On May 7, 2015, Defendant responded to Plaintiff's comprehensive demand package by making a settlement offer of $5,000.00 when his claim was clearly in excess of that amount.

c. On July 20, 2015, Plaintiff responded by sending a follow up global policy limits demand and giving State Farm another opportunity to resolve the claim for the global policy limits. State Farm refused.

d. On July 21, 2015, State Farm offered $7,500.00 and then sent a second notice that their best and final offer for David Jones' claim was $8,000.00.

e. On August 7, 2015, Plaintiff responded by giving State Farm another opportunity to globally tender the available policy limits.

f. On August 10, 2015, State Farm responded by reducing their offer of $8,000.00 to $7,500.00.

g. On September 22, 2015, Plaintiff responded by sending State Farm a Notice of Violation of The Insurance Fair Conduct Act and asked them again to tender the limits available.

3.16  In sum, Defendant has failed to tender the policy limits available to Plaintiff David Jones, its own first party fiduciary insured, and despite being provided extensive documentation and proof regarding the nature, extent, and permanency of its insured's injuries, State Farm failed to tender its full authority on the claim file, and/or the available UM policy limits.

COMPLAINT - 7

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
601 W. MAIN AVE. STE. 305
SPOKANE, WA 99201
(509) 455-3600
FACSIMILE (509) 321-7459

3.17 The timeline of events regarding Plaintiff Jessica Jones is as follows:

    a. On April 24, 2015, Plaintiff sent a comprehensive policy limits demand package requesting a global tender of the UM limits under the policy for her husband, David Jones, within thirty (30) days. The demand package included detailed information of the following:

        i. Collision facts with supporting police report;
        ii. Overview of Plaintiff's background;
        iii. Plaintiff's post-collision medical records;
        iv. Plaintiff's four (4) years of prior medical records;
        v. Recommended future medical care;
        vi. Wage loss;
        vii. Out-of-pocket expenses;
        viii. Vehicle damage report; and
        ix. Evaluation of all of Plaintiffs' general damages.

    b. On May 5, 2015, Defendant responded to Plaintiff's comprehensive demand package by making no settlement offer and requesting five years prior medical records.

    c. On July 17, 2015, Plaintiff provided five years of prior medical records and a signed declaration from Plaintiff's surgeon relating her shoulder surgery to the collision. Plaintiff again requested the policy limits.

    d. On July 23, 2015, State Farm responded by offering $25,000.00 for settlement of Jessica Jones' claim. Strangely, Defendant State

COMPLAINT - 8

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
601 W. MAIN AVE. STE. 30S
SPOKANE, WA 99201
(509) 455-3600
FACSIMILE (509) 321-7459

Farm also offered $8,000 to Plaintiff's attorney in "full and final settlement."

e. On August 7, 2015, Plaintiff requested clarification regarding the strange offers and again demanded a global tender of the policy limits.

f. On August 10, 2015, State Farm increased their offer to settle Plaintiff's claim to $27,000.00.

g. On September 2, 2015, Plaintiff responded with a final global demand for the available policy limits.

h. On September 3, 2015, State Farm increased their offer to settle Plaintiff's claim to $28,000.00.

i. On September 22, 2015, Plaintiff responded by sending State Farm a Notice of Violation of The Insurance Fair Conduct Act.

3.18   In sum, Defendant has failed to tender the policy limits available to Plaintiff Jessica Jones, its own first party fiduciary insured, and despite being provided extensive documentation and proof regarding the nature, extent, and permanency of its insured's injuries, it failed to tender its full authority on the claim file, and/or the available UM policy limits.

3.19   The timeline of events regarding Plaintiff Lena Jones' UM claim on David Jones' policy is as follows:

COMPLAINT - 9

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
601 W. MAIN AVE. STE. 305
SPOKANE, WA 99201
(509) 455-3600
FACSIMILE (509) 321-7459

    a. On April 24, 2015, Plaintiff sent comprehensive policy limits demand packages requesting a global tender of the UM limits under her father, David Jones' policy with State Farm. The demand package included detailed information of the following:

        i. Collision facts with supporting police report;
        ii. Overview of Plaintiff's background;
        iii. Plaintiff's post-collision medical records;
        iv. Plaintiff's four (4) years of prior medical records;
        v. Recommended future medical care;
        vi. Wage loss;
        vii. Out-of-pocket expenses;
        viii. Vehicle damage report; and
        ix. Evaluation of all of Plaintiffs' general damages.

    b. On April 30, 2015, Defendant responded to Plaintiff's comprehensive demand package by making no settlement offer and requesting access to the 1st party IME that Lena Jones attended in violation of Washington law.

    c. On May 7, 2015, Defendant offered $6,500.00 to settle Lena Jones' claim.

    d. On July 20, 2015, Plaintiff responded with a demand for the global policy limits of David Jones' policy, including prior records and enclosed a signed declaration from Lena Jones' treating surgeon relating the shoulder surgery to the collision.

    e. On July 23, 2015, Defendant responded by offering $8,000.00 to settle Lena Jones' claim under David Jones' UM policy.

COMPLAINT - 10

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
601 W. MAIN AVE. STE. 305
SPOKANE, WA 99201
(509) 455-3600
FACSIMILE (509) 321-7459

    f. On August 6, 2015, Plaintiff responded with an additional demand for the global policy limits.

    g. On August 10, 2015, State Farm responded to the final demand for policy limits under her father, David Jones' policy with State Farm by offering $8,000.00 to settle her claim.

    h. On September 22, 2015 Plaintiff responded by sending State Farm a Notice of Violation of The Insurance Fair Conduct Act.

3.20  The timeline of events regarding Plaintiff Lena Jones' UIM claim on her own policy is as follows:

    a. On April 24, 2015, Plaintiff sent comprehensive policy limits demand packages requesting a global tender of the UIM limits under her policy within thirty (30) days. The demand package included detailed information of the following:

        i. Collision facts with supporting police report;
        ii. Overview of Plaintiff's background;
        iii. Plaintiff's post-collision medical records;
        iv. Plaintiff's four (4) years of prior medical records;
        v. Recommended future medical care;
        vi. Wage loss;
        vii. Out-of-pocket expenses;
        viii. Vehicle damage report; and
        ix. Evaluation of all of Plaintiffs' general damages.

    b. On May 8, 2015, State Farm responded by making no UIM settlement offer under her UIM policy and requested five years prior records.

COMPLAINT - 11

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
601 W. MAIN AVE. STE. 305
SPOKANE, WA 99201
(509) 455-3600
FACSIMILE (509) 321-7459

  c. On July 20, 2015, Plaintiff responded with a demand for a tender of the policy limits of her UIM policy, including prior records and enclosed a signed declaration from Lena Jones' treating surgeon relating the shoulder surgery to the collision.

  d. On August 13, 2015, State Farm responded by making no offer and indicating that she would be made whole within the policy limits of David Jones' policy.

  e. On September 22, 2015 Plaintiff responded by sending State Farm a Notice of Violation of The Insurance Fair Conduct Act.

3.21 In sum, Defendant has failed to tender the policy limits available to Plaintiff Lena Jones under David Jones' policy as well as her own UIM policy, and despite being provided extensive documentation and proof regarding the nature, extent, and permanency of its insured's injuries, it failed to tender its full authority on the claim files, and/or the available UM policy limits of her own policy with State Farm and under David Jones' policy with State Farm.

3.22 Defendants' uninsured and underinsured motorist policies provide that in the event of a disagreement as to the right to recover under the policy, the insured may arbitrate or sue Defendant. The remedy, pursuant to the insurance policy, when the parties do not agree to damages, is to bring the dispute to a court of competent jurisdiction.

COMPLAINT - 12

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
601 W. MAIN AVE. STE. 305
SPOKANE, WA 99201
(509) 455-3600
FACSIMILE (509) 321-7459

3.23    As a result of the above stated actions, Defendant has now compelled its own insureds to submit to litigation to recover amounts due and owing to them under the applicable underinsured motorist bodily injury policies. In fact, Defendant has forced Plaintiffs to submit to civil litigation to receive any recovery, even the amounts that Defendant does not dispute Plaintiffs are entitled to.

3.24    Defendant's file handling practices and negotiation tactics are 100% adversarial, standard third party practice and procedure tactics and contrary to first party good faith claims handling practice and the standard of care in regard to handling first party claims.

## IV. LIABILITY AND CAUSES OF ACTION

4.1    As a direct and proximate cause of the negligence and tortious conduct of the adverse driver, Plaintiffs sustained severe, permanent, and debilitating injuries.

4.2    As a direct and proximate cause of the negligence and tortious conduct of the adverse driver, and subsequent personal injuries and medical treatment, Plaintiffs presented uninsured and underinsured motorist claims with Defendant.

4.3    Plaintiff David Jones purchased uninsured motorist coverage from Defendant in the amount of $50,000/$100,000. Plaintiffs are entitled to $100,000 globally in benefits under the uninsured motorist provisions of his policy with Defendant. Plaintiffs' damages are in excess of his policy limits available.

4.4    Plaintiff Lena Jones purchased underinsured motorist coverage from Defendant in the amount of $25,000. Plaintiff is entitled to $25,000 in benefits under the

COMPLAINT - 13

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
601 W. MAIN AVE. STE. 305
SPOKANE, WA 99201
(509) 455-3600
FACSIMILE (509) 321-7459

underinsured motorist provisions of her policy with Defendant. Her damages are in excess of her policy limits available.

4.5    **Breach of Duties Under the Insurance Fair Conduct Act**: Defendant's actions specified in paragraphs 3.1 through 3.16 herein are in violation of RCW 48.30.010 in its duty of good faith and fair dealing requiring that all actions be actuated by good faith, to abstain from deception, and practice honesty and equity in all matters related to the business of insurance. Defendant unreasonably denied payments of $50,000.00 in UM benefits and $25,000.00 in UIM benefits, in violation of the Insurance Fair Conduct Act. As a result of Defendant's misconduct, Plaintiffs are entitled to recover treble their actual damages sustained, together with the costs of the action, including reasonable attorney's fees and litigation costs.

4.6    **Breach of Fiduciary Duty:** Defendant's actions specified in paragraphs 3.1 through 3.16 herein are in violation of the Unfair Settlement Practices Act as set forth in WAC 284-30 et. seq., including requiring prompt, fair, and equitable settlements, as well as in violation of other statutory laws or regulations, including an express duty not to compel its own insured to litigate against it to obtain payment of their own uninsured motorist coverage.

4.7    **Breach of Contract**: Defendant's actions specified in paragraphs 3.1 through 3.19 herein are in violation of the express or implied terms and conditions of the insurance contracts and reasonable expectations of its insured to the terms and conditions

COMPLAINT - 14

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
601 W. MAIN AVE. STE. 305
SPOKANE, WA 99201
(509) 455-3600
FACSIMILE (509) 321-7459

of the insurance policies. Specifically, State Farm promised "Like a good neighbor, State Farm is there."

4.8     <u>Breach of Consumer Protection Act</u>: Defendant's actions specified in paragraphs 3.1 through 3.19 herein are in violation of the Consumer Protection Act, RCW 19.86., et seq.

4.9     <u>Breach of Good Faith Duty</u>: Defendant's actions specified in in paragraphs 3.1 through 3.19 herein are in violation of RCW 48.30.010 in its duty of good faith under RCW 48.01.030 requiring that all actions be actuated by good faith, to abstain from deception, and practice honesty and equity in all matters related to the business of insurance. Defendant unreasonably denied payment of policy limits benefits in violation of the Insurance Fair Conduct Act. As a result of Defendant's misconduct, Plaintiffs are entitled to recover their actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs.

4.10    <u>Negligence</u>: Defendant's actions specified in paragraphs 3.1 through 3.19 herein were negligent and in violation of its duty to exercise reasonable care toward its insureds, Plaintiffs David Jones, Jessica Jones and Lena Jones.

4.11    <u>Proximate Cause</u>: As a direct and proximate cause of Defendant's breach of its duties as set forth in paragraphs 3.1 through 3.19, Plaintiffs are forced to commence litigation against Defendant to receive the full amounts of their available UM insurance coverage.

COMPLAINT - 15

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
601 W. MAIN AVE. STE. 305
SPOKANE, WA 99201
(509) 455-3600
FACSIMILE (509) 321-7459

## V. DAMAGES

5.1 As a direct and proximate result of the negligence alleged herein, Plaintiffs have suffered physical injuries and Plaintiff is entitled to fair and reasonable compensation.

5.2 As a direct and proximate result of the negligence alleged herein, Plaintiffs have incurred and may continue to incur medical expenses and other out-of-pocket expenses, and Plaintiffs are entitled to fair and reasonable compensation.

5.3 As a direct and proximate result of the negligence alleged herein, Plaintiffs have suffered and may continue to suffer physical pain and suffering, and Plaintiffs are entitled to fair and reasonable compensation.

5.4 As a direct and proximate result of the negligence alleged herein, Plaintiffs have suffered mental and emotional distress, loss of enjoyment of life, past and future disability, permanency of injuries, and Plaintiffs are entitled to fair and reasonable compensation.

5.5 As a direct and proximate result of the negligence alleged herein, Plaintiffs have sustained past wage loss and loss of future earning capacity.

5.6 Plaintiffs are entitled to reasonable attorneys' fees and as authorized by the Insurance Fair Conduct Act and Consumer Protection Act.

5.7 Plaintiffs are entitled to prejudgment interest on all medical and other out-of-pocket expenses directly and proximately caused by the negligence alleged in this Complaint.

COMPLAINT - 16

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
601 W. MAIN AVE. STE. 305
SPOKANE, WA 99201
(509) 455-3600
FACSIMILE (509) 321-7459

5.8   Plaintiffs are entitled to costs and disbursements herein incurred and as authorized by the Insurance Fair Conduct Act and Consumer Protection Act.

5.9   **Exemplary Damages:** Under Section 3 of the Insurance Fair Conduct Act, Plaintiffs will request that the Court increase the total award of damages to include treble damages, actual costs, hourly attorney fees, and expert fees.

5.10   **Punitive Damages:** Defendant State Farm is a foreign insurer, with its corporate headquarters in Illinois. The decisions made by the insurance adjusters were made out of Oregon and Illinois, amongst other states. Oregon and Illinois allow for punitive damages when the actions by the insurance carrier are intentional, willful, and wanton. Plaintiffs will request that the jury award punitive damages against State Farm for any intentional, willful, and wanton actions of the Illinois and Oregon offices of Defendant State Farm.

## VI. WAIVER OF PHYSICIAN/PATIENT PRIVILEGE

6.1   Plaintiffs assert the physician/patient privilege for 88 days following the filing of this Complaint. On the 89th day following the filing of this Complaint, the Plaintiffs hereby waive the physician/patient privilege.

6.2   The waiver is conditioned and limited as follows: (1) The Plaintiffs do not waive their constitutional right of privacy; (2) the Plaintiffs do not authorize contact with any of their health care providers except by judicial proceeding authorized by the Rules of Civil Procedure; (3) Defendant representatives are specifically instructed not to attempt ex parte contacts with Plaintiffs' health care providers; and (4) Defendant's

COMPLAINT - 17

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
601 W. MAIN AVE. STE. 305
SPOKANE, WA 99201
(509) 455-3600
FACSIMILE (509) 321-7459

representatives are specifically instructed not to write letters to Plaintiffs' health care providers telling them that they may mail copies of records to the Defendant.

In the case of Loudon v. Mhyre, 110 Wn.2d 676, 756 P.2d 138 (1988), the Supreme Court dealt very simply with the issue of ex parte contact with the Plaintiff's physicians:

> The issue presented is whether defense counsel in a personal injury action may communicate ex parte with the Plaintiff's treating physicians when the Plaintiff has waived the physician/patient privilege. We hold that defense counsel may not engage in ex parte contact, but is limited to the formal discovery methods provided by court rule.

Id., at 675-676.

Wherefore, Plaintiffs requests for judgment against Defendant, and requests relief as follows:

## VII. RELIEF SOUGHT

7.1    For judgment against Defendant regarding the scope of remedies available to Plaintiffs, their contract rights under the UM and UIM policies coverage, as well as the scope of the statutory obligations imposed upon all parties by statute;

7.2    For global UM policy limits benefits under Plaintiff David Jones' Policy with Defendant;

7.3    For UIM policy limits benefits under Plaintiff Lena Jones' Policy with Defendant;

7.4    For treble damages against Defendant for bad faith and violation of the Insurance Fair Conduct Act and the other relief as set forth in the complaint;

COMPLAINT - 18

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
601 W. MAIN AVE. STE. 305
SPOKANE, WA 99201
(509) 455-3600
FACSIMILE (509) 321-7459

7.4  For punitive damages for State Farm's intentional, willful, & wanton conduct, which occurred in Illinois and Oregon.

7.5  Judgment on all special damages stemming from the foregoing allegations;

7.6  Judgment on all general damages stemming from the foregoing allegations;

7.7  For exemplary damages;

7.8  For reasonable hourly attorney fees, costs of experts, and costs of suit; and

7.9  For such other and further relief as the court deems just, equitable and proper for Plaintiffs at the time of trial.

DATED this ____ day of October, 2015.

GRAHAM LUNDBERG PESCHEL, P.S., INC.

_____
Sara Maleki, WSBA # 42465

_____
Janelle Carney, WSBA #41028
Attorneys for Plaintiffs

COMPLAINT - 19

GRAHAM LUNDBERG PESCHEL, P.S., INC.
ATTORNEYS AT LAW
601 W. MAIN AVE. STE. 305
SPOKANE, WA 99201
(509) 455-3600
FACSIMILE (509) 321-7459